**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAREN WEBER, individually, as
Personal Representative of the estate of
Michael Weber,

Plaintiff-Appellant,

v.

JACE REIF, Officer; JANE DOE REIF,
husband and wife,

Defendants-Appellees,

and

CITY OF KINGMAN,

Defendant.

No.    21-15649

D.C. No. 3:20-cv-08019-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted February 8, 2022
Pasadena, California

Before:  SCHROEDER, TALLMAN, and MILLER, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

This is an appeal from the grant of summary judgment to Jace Reif, a Kingman, Arizona, police officer, on the basis of qualified immunity. Officer Reif, in responding to a report of a domestic disturbance, shot and killed Michael Weber. Mr. Weber's wife, Appellant Karen Weber, argues the district court erred in concluding Reif did not violate clearly established law. According to Appellant, the law is clearly established that an officer may not shoot a person holding a gun pointed at the ground and not otherwise threatening the officer or anyone else. That is not what happened here.

The undisputed facts in this case are that Mr. Weber was armed and made two threats to shoot. Officer Reif at least twice identified himself as a police officer and ordered Mr. Weber to exit the residence with his hands up. Mr. Weber instead came out holding the gun and then made a furtive movement behind the door, with the gun in his hand.

An officer's use of deadly force is lawful when the officer is faced with a person who is armed and creating an immediate threat by movements, gestures or threatening words. *See George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013). And the likelihood of immediate threat is greater if the person remains armed after being made aware of police presence and disobeys police commands. *See Estate of Lopez v. Gelhaus*, 871 F.3d 998, 1010-11 (9th Cir. 2017). Here, Mr. Weber posed

2

an immediate threat because he had a gun, made two serious verbal threats, knowingly disobeyed police orders, and made a sudden movement behind his door. There is no basis for holding that the use of deadly force violated clearly established rights.

**Affirmed**.